**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**SAFECO INSURANCE COMPANY**
**OF AMERICA,**

    **Plaintiff,**

**v.**                                                       **Civ. Action No. 1:19-CV-62**
                                                              **(Judge Kleeh)**

**JOEL PLEVICH, MARY PLEVICH,**
**and JOSHUA DRANSFIELD,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 19]**

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings [ECF No. 19]. For the reasons discussed below, the Court grants the Motion.

**I.    PROCEDURAL HISTORY**

The Plaintiff, Safeco Insurance Company of America ("Plaintiff"), filed this action against the Defendants, Joel Plevich, Mary Plevich, and Joshua Dransfield (together, "Defendants"), on March 19, 2019. ECF No. 1. Dransfield filed his Answer on August 23, 2019. The Pleviches filed their Answer on October 18, 2019. On February 4, 2019, Plaintiff filed its Motion for Judgment on the Pleadings. No response to the Motion has been filed.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure is analyzed under the same standard as a motion under Rule 12(b)(6):

> Therefore, a motion for judgment on the pleadings should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact.

Hartford Cas. Ins. Co. v. Ted A. Greve & Assocs., 742 Fed. App'x 738, 740 (4th Cir. 2018) (citing Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014)).

## III. BACKGROUND

Plaintiff seeks a declaratory judgment against Defendants based on a homeowner's insurance policy (the "Policy") that it issued to the Pleviches. Plaintiff asks the Court to find that under the Policy, Plaintiff has (1) no duty to defend the Pleviches in an action initiated by Dransfield and pending in the Circuit Court of Monongalia County, West Virginia (the "Underlying Action"),[1] and (2) no potential duty to indemnify the Pleviches

---

[1] Dransfield v. Plevich, Case No. 18-C-396.

for any judgment entered in the same. See Compl., ECF No. 1, at 1. The facts as discussed herein come from the Complaint and its attachments and are uncontested.

### The Underlying Complaint

On September 24, 2018, Dransfield initiated the Underlying Action against the Pleviches and Bel-Cross Properties, LLC ("Bel-Cross"). Id. ¶ 8. The Underlying Complaint alleges that the Pleviches "owned, possessed, directed, controlled, operated, and otherwise maintained certain real property to include all property part and parcel of 804 College Avenue in Morgantown, Monongalia County, West Virginia" (the "College Avenue Property"). Underlying Compl., ECF No. 1-1, at ¶ 5. It alleges that the Pleviches "by and through various entities, to include Bel-Cross, engaged in the real estate rental and leasing business of residential properties including, but not limited to," the College Avenue Property. Id. ¶ 6.

On the evening of May 5, 2017, Dransfield entered onto the College Avenue Property as an invited guest. Id. ¶ 9. The steps that he used to enter and exit the residence did not have a safety handrail on either side of the walkway. Id. ¶ 11. There was no outsight lighting to sufficiently illuminate the steps or the walkway. Id. ¶ 12. Dransfield tripped on an uneven and poorly-maintained surface and fell down the steps onto College Avenue.

Id. ¶ 13. He suffered severe injuries and required lifesaving medical treatment and care. Id. ¶¶ 14-19. The Pleviches and Bel-Cross, Dransfield alleges, engaged in negligent conduct that resulted in his injuries. Id. ¶ 33.

Dransfield has asserted that he is entitled to medical payments coverage proceeds under the Policy. Compl., ECF No. 1, at ¶ 22. The Pleviches have asked that Plaintiff defend them in the Underlying Action and, if necessary, indemnify them. Id. ¶ 20. Plaintiff is defending the Pleviches in the Underlying Action subject to a valid Reservation of Rights letter. Id. ¶ 21.

### The Policy

The Policy was in effect between April 24, 2017, and April 24, 2018. Compl., Ex. B, ECF No. 1-2, at SAF 000002. The Pleviches are the named insureds. Id. at SAF 000011. In Section II - Liability Coverages, the Policy provides:

> If a claim is made or a suit is brought against any *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will:
>
> 1.  pay up to our limit of liability for the damages for which the *insured* is legally liable; and
>
> 2.  provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is

> appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the *occurrence* equals our limit of liability.

Id. at SAF 000035. The "insured location" is 444 Western Avenue in Morgantown, West Virginia (the "Western Avenue Property"). Id. at SAF 000011. The College Avenue Property is not an insured location under the Policy. Id.

The Policy does not provide coverage for bodily injury "arising out of business pursuits of any *insured*." Id. at SAF 000035. "Business" is defined as follows:

> a trade, profession or occupation engaged in on a full-time, part-time or occasional basis, or any other activity, including civic or public, engaged in for money or other compensation, except for the following:
>
> (1)  One or more activities, not described in (2) below, for which no *insured* receives more than $3,000 in total compensation for the 12 months before the beginning of the policy period; and
>
> (2)  volunteer activities for which no money or other compensation is received other than for expenses incurred to perform the activity.

Id. at SAF 000044. This exclusion for business pursuits, however, does not apply to the following:

> (1)  activities which are ordinarily incident to non-*business* pursuits;

5

>     (2)   the occasional or part-time ***business***
>           pursuits of any ***insured*** who is under 23
>           years of age;
>
>     (3)   the rental or holding for rental of an
>           ***insured location:***
>
>           (a)   on an occasional basis for the
>                 exclusive use as a residence;
>
>           (b)   in part, unless intended for use as
>                 a residence by more than two roomers
>                 or boarders; or
>
>           (c)   in part, as an office, school, studio
>                 or private garage[.]

Id. at SAF 000035-36. Finally, the Policy does not provide coverage for "bodily injury . . . arising out of any premises owned or rented to any ***insured*** which is not an ***insured location*[.]**" Id.

### IV.   GOVERNING LAW

"Two duties arise from the existence of a liability insurance policy, the duty to defend and the duty to indemnify." Liberty Corporate Capital Ltd. V. Peacemaker Nat'l Training Ctr., LLC, 348 F. Supp. 3d 585, 590 (N.D.W. Va. 2018) (citing State ex rel. Nationwide Mut. Ins. Co. v. Wilson, 236 W. Va. 228, 233, 778 S.E.2d 677, 682 (2015)). As this Court has stated, under West Virginia law,

>     An insurer has a duty to defend an action
>     against its insured only if the claim stated
>     in the underlying complaint could, without
>     amendment, impose liability for risks the
>     policy covers. If the causes of action alleged
>     in the complaint are entirely foreign to the

> risks covered by the insurance policy, then the insurance company is relieved of its duties under the policy.

Id. at 590 (citing State Auto. Mut. Ins. Co. v. Alpha Eng'g Servs., Inc., 208 W. Va. 713, 716, 542 S.E.2d 876, 879 (2000)).

## V. FINDINGS

The Court finds that the Pleviches' rental of the College Avenue Property was a business pursuit for them and is excluded from coverage. See Compl., Ex. B, ECF No. 1-2, at SAF 000035, 000044. In addition, the College Avenue Property — where Dransfield's injuries occurred — is not an insured location under the Policy. See id. at SAF 000011. Because the Policy specifically excludes from liability claims for bodily injury "arising out of any premises owned or rented to any **insured** which is not an **insured location**," Plaintiff has no duty to defend the Pleviches for injuries that occurred at the College Avenue Property. See id. at SAF 000011, 000035-36. The allegations in the Underlying Action are "entirely foreign to the risks covered by the insurance policy," and "the insurance company is relieved of its duty under the policy." See Peacemaker, 348 F. Supp. 3d at 590.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED** [ECF No. 19]. Plaintiff has no obligation to defend or indemnify the Pleviches in the Underlying Action.

This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: April 3, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE
